UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. DULAK, et. al,

                        Plaintiffs,

Case No. 13-CV-13442
Hon. Mark A. Goldsmith

CORIZON, INC., et. al,

                        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFFS' "CLASS ACTION COMPLAINT" WITHOUT PREJUDICE (DKT. 1) AND DENYING PLAINTIFFS' "MOTION FOR CERTIFICATION OF CLASS" AS MOOT (DKT. 2)**

This is a class action prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs James A. Dulak, James E. Terry, and Gregory J. Richardson are Michigan prisoners confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Compl. ¶ 4 (Dkt. 1). Plaintiffs also have filed a "motion for certification of class"; they seek to pursue relief for all allegedly similarly situated prisoners within the Michigan Department of Corrections. Mot. for Cert. of Class (Dkt. 2). The Court has reviewed the complaint and dismisses it without prejudice to the Plaintiffs filing individual complaints. The Court correspondingly denies Plaintiffs' motion for certification of class as moot.[1]

**I. Background**

Plaintiffs allege that the Defendants, Corizon, Inc., the medical provider for the Michigan Department of Corrections, and individually named employees of the Department and the State

---

[1] Plaintiffs also have filed a motion for leave to file an amended complaint (Dkt. 7) and a motion to appoint counsel (Dkt. 10). Because the Court dismisses this action without prejudice to the Plaintiffs filing individual complaints, these motions also are moot.

have either not provided adequate medical treatment or denied treatment entirely to prisoners in the early stages of Hepatitis C. Compl., ¶¶ 16, 25-26, 28, 30-32. The three named Plaintiffs all claim that they have Hepatitis C, and the failure to treat it at this time is causing them irreparable harm to their health. Id., ¶¶ 13, 15, 25-28, 34. Plaintiff Dulak also alleges that one of the Defendants falsely informed him that there were no set criteria for shoe accommodation; this purportedly further denied Plaintiff Dulak adequate medical treatment. Id., ¶¶ 20-23, 31-32.

## II. Discussion

The Court dismisses this action without prejudice because it finds the best course of action is to require each Plaintiff to proceed individually. Federal Rule of Civil Procedure 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966).

Nevertheless, there are significant practical problems with allowing several pro se prisoners to file a joint complaint. For example, allowing multiple prisoner plaintiffs to proceed in a single action may "invite[] violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." Proctor v. Applegate, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing Ghashiyah v. Frank, No. 05-0766, 2008 WL 680203, at *1 (E.D. Wis. Mar. 10, 2008)). Having multiple prisoner plaintiffs also can lead to pleadings being filed on behalf of other plaintiffs without their consent. Id. Indeed, the Court notes that in this case only Plaintiff

Dulak signed the complaint and the motion for certification of the class, in violation of Federal Rule of Civil Procedure 11(a). See Compl. at 10 (Dkt. 1); Mot. for Cert. of Class at 2 (Dkt. 2).

Numerous other practical problems may arise by allowing the joinder of pro se inmate plaintiffs, including the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." Proctor, 661 F. Supp. 2d at 780 (citing Boretsky v. Corzine, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)). An additional problem is that "jail populations are notably transitory, making joint litigation difficult." Id.; see also White v. Tenn. Bd. of Probation and Paroles, No. 06-2784, 2007 WL 1309402, at *1 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Courts also have highlighted the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." Proctor, 661 F. Supp. 2d at 780 (citing Boretsky, 2008 WL 2512916, at *5). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." Id.

Finally, the Court notes that Plaintiffs' complaint contains class action allegations and that Plaintiffs have filed a corresponding motion for certification of class (Dkt. 2). The motion is moot in light of the Court's dismissal of this action. Even were this pleading not moot, however, the Sixth Circuit has established that prisoners proceeding pro se cannot adequately represent the interests of his or her fellow inmates in a class action. See Heard v. Caruso, 351 F. App'x. 1, 15 (6th Cir. 2009); Ziegler v. Michigan, 59 F. App'x 622, 624 (6th Cir. 2003); Palasty v. Hawk, 15 F. App'x. 197, 200 (6th Cir. 2001).

Therefore, the Court dismisses this action without prejudice.  The individual Plaintiffs may file complaints on their own behalf if they so choose.

### III. Conclusion

For the foregoing reasons, the Court dismisses this action without prejudice and denies Plaintiffs' motion for certification of class as moot (Dkt. 2).

SO ORDERED.

Dated:  September 24, 2013                    s/Mark A. Goldsmith
       Flint, Michigan                                      MARK A. GOLDSMITH
                                                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2013.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager